UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

RANDAL CLARK

Plaintiff               Civil Action No. 14-12238-IT

V.

Defendants

MIDLAND CREDIT MANAGEMENT et al

# FIRST AMENDED LAWSUIT

## Parties

1. The Plaintiff Randal Clark is a resident of Lawrence MA, County of Middlesex, and a citizen of the United States.

2. Defendant Midland Credit Management Inc. (hereafterMCM) is a "debt collector" as defined by 15 U.S.C. 1692a (6) and a "furnisher of information" as defined by 15 U.S.C. g 1681s-2a, "user of information" as defined by 15U .S.C. g 1681m, and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Encore, with a usually address of San Diego, CA, 492123.

3. Defendant Midland Funding, LLC, ('Midland") is a "debt collector" as defined by 15 U.S.C. 1692a(6) and a "furnisher of information" as defined by 15 U.S.C. g 1681s-2a, "user of information" as defined by 15U .S.C. g 1681m, and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Encore, with a usually address of8875 Aero Drive, Suite2 00, San Diego, C A 492123.

4. Defendant Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15 U.S.C.1681a(6) anda for profit corporation organized in Delaware which hasIts principle

place of business located in San Diego, CA, lists its San DiegoOperation as addressas 8875 Aero Drive, Suite2 00,San Diego, CA 492123.

5. Defendant Associated Credit & Collector (hereafter Associated) is a "debt collector" as defined by 15 U.S.C. 1692a (6) and a "furnisher of information" as defined by l5 U.S.C. g 1681s-2a, "user of information" as defined by 15U .S.C. g 1681m, with a usually address of 975 Eyster Blvd Rockledge, FL 32955-3512 and is not registered to collect debts in Massachusetts.

6. Defendant Pro Collect Inc. (hereafter Pro) is a "debt collector" as defined by 15 U.S.C. 1692a (6) and a "furnisher of information" as defined by l5 U.S.C. g 1681s-2a, "user of information" as defined by 15U .S.C. g 1681m, with a usual address of 12170 Abrams Rd Ste 100 Dallas, TX 75243-4579 and is not registered to collect debts in Massachusetts.

7. Defendant Receivable Performs Management LLC. (hereafter Receivable) is a "debt collector" as defined by 15 U.S.C. 1692a (6) and a "furnisher of information" as defined by l5 U.S.C. g 1681s-2a, "user of information" as defined by 15U .S.C. g 1681m, with a usual address of 20816 44th Ave W Ste 100 Lynnwood, WA 980367744 and is not registered to collect debts in Massachusetts.

### Jurisdiction

8. This court has jurisdiction over this matter pursuant to 15U.S.C. §1692,15U.S.C.§1681p and 28 U.S.C. §1332.

9. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and the defendants transact business in Massachusetts.

10. Venue is proper in Massachusetts County of Middlesex, because defendants intentionally reached into the county of Middlesex.

11. This Court has jurisdiction over defendants pursuant because defendants caused injury to plaintiff within this state (Massachusetts) while it was engaged in service activities, to wit, debt collection, within this state.

## FACTS

12. This case is over $40,000 in violations committed by the defendants.
13. All conditions precedent to the bringing of this action has been performed **(Exhibit 1)**.
14. According to the California Secretary of State website, MCM, Midland and Encore,*Operate out of the same address which is listed as: 8875 Aero Drive, Suite 200,*San Diego, C.A, 492123.
15. Defendant Midland, MCM, Associated Credit &Collector,Pro Collect & Receivable Performs Managementis in violation of the Fair Credit Reporting Act. (Hereafter FCRA) the defendants is reporting on plaintiff's credit report and the plaintiff has never given the defendant express permission to pull his consumer credit report or to report on his credit report with the 3 credit agencies Trans Union, Experian or Equifax.
16. The defendants Midland, MCM, Associated Credit &Collector,Pro Collect & Receivable Performs Managementhas pulled Plaintiff Consumer Credit report, plaintiff has no business dealings with defendants and does not know why the defendants is in plaintiffs consumer credit file.
17. Plaintiff has suffered embarrassing denial of credit due to defendants Inquiries and reporting on plaintiff's credit reports and has been damaged and needs relief.
18. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports **(Exhibit 2)**.
19.

20. Plaintiffs debt were for a household purpose as defined by the Federal Debt Collection Practices Act (FDCPA).

21. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent.

22. Plaintiff found after examination of his consumer credit report that DefendantsMidland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Managementhad pulled Plaintiff's consumer credit report.

23. Plaintiff found after examination of his consumer credit reports that Defendants, Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Managementhad been reporting false and erroneous information to all three credit reporting agencies Plaintiff had never had any business relationship of any kind with the above defendants.

24. Defendants Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management was and is reporting alleged accounts on plaintiffs consumer credit reports, which accounts do not belong to Plaintiff.

25. O n or about January of 2014 Plaintiff filed a dispute of the validity of the entries made by Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management with all three credit reporting agencies Equifax, Experian and Trans Union and to defendants.

26. As a result of the dispute, Equifax, Experian &Trans Union has not replied to plaintiff regarding these accounts as of April 29, 2014.

27. Discovery of violation brought forth herein occurred on February 26, 2014and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p,Federal Debt Collection Practices

Act (Hereafter FDCPA) ,Massachusetts Debt Collection Regulation Act. (Hereafter MDCRA) & the Telephone Consumer Practices Act (hereafter TCPA).

28. The truth always lies in the clear intent of Congress when writing and enacting the statute expressed by the clear language therein.

   **FCRA § 604 – [15 U.S.C. § 1681b]**

   (a) In general. Subject to subsection (c), **any *consumer reporting agency*** (Trans Union, Experian & Equifax) may furnish a consumer report under the **following circumstances and no other**:

   (1). In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

   (2). In accordance with the written instructions of the consumer to whom it relates.
   (3). To a person which it has reason to believe

   (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, or

29. Any individual can clearly see that **15 U.S.C. § 1681b (a)(3)(A)** pertains to the "Credit Reporting Agency" **(Trans Union, Experian & Equifax)ONLY** and not to the collector or furnisher of information the defendants. The language quite clearly outlines the responsibility of the CRA **(Trans Union, Experian & Equifax)** to determine that they are furnishing a credit report to an entity or individual who the CRA **(Trans Union, Experian & Equifax)** has **"reason to believe"** has a legitimate purpose.

30. The Defendant Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management initiatea credit pullofPlaintiffscreditreport( Exhibit 2) fromEquifax without a permissiblepurpose, which is a violation of the Fair Credit Reporting Act. Sec. 1681q:

Obtaining information under false pretenses: Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than **$ 5,000 or imprisoned not more than one year, or both &Sec. 1681n**. Civil liability for willful noncompliance:

Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) any actual damages sustained by the consumer as a result of the failure;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

31. The link forged by the plaintiff is a strong one since it set forth a standard for establishing civil liability on users of consumer reports. The standard for determining when a consumerreport has been obtained under false pretenses (Section 1681 q) will usually be defined in relation to the permissible purposes for obtaining consumer reports enumerated in section 1681b.

32. The Congressional intent to protect the consumer's rights to privacy is manifest in 1681q. Furthermore, 1681 of the FCRA declares that "(a) Congress makes the following findings.(4) There is a need to insure that the consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumers right to privacy."

33. Defendants MCM, Midland and Encore are in fact, separate entities; as such MCM, Midland and Encore have all been named as Defendants in this Complaint and has violated Section 1681 q of the FCRA.

34. Defendants Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management made these calls, it used *equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers.*
35. Plaintiff has a service for which the called party (plaintiff) is charged for the call, when a *debt collector calls for a person without prior express permission it is a violation of the Telephone Consumer Protection Act 47 USC § 227, Massachusetts Debt Collection Regulation Act 940 CMR 7.00, Federal Debt Collection Practices Act (Within a year) and Massachusetts Unfair & Deceptive trade Practices Act.*
36. The defendants Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management willfully or knowingly violated this subsection or the regulations prescribed under the 47 USC § 227 act.
37. After receipt of the first prohibited call, Plaintiff made at least several attempts to demand defendants to stop calling his cell, home and or wireless number verbally.
38. Plaintiff informed defendants Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management that he had no business with them and to stop calling his phone.
39. This is not Defendant's Midland, MCM, Encore Capital, Associated Credit & Collector, Pro Collect & Receivable Performs Management first attempt to illegally collect this debt.
40. In the last 40 months defendant Midland, MCM, Associated Credit & Collector , Pro Collect& Receivable Performs Management has called plaintiff on *(978) 208-4058, (617)*

*543-0579, (781) 393-0476, (978) 794-1485, (978) 258-1021, (617) 661-3211, (978) 702-3270, (978) 202-2227, (774) 244-8491, (978) 208-1556, (781) 629-1796*several occasions.

41. Plaintiff has changed his number several times but defendants Midland, MCM, Associated Credit & Collector, Pro Collect & Receivable Performs Management somehow keeps getting plaintiff number and calling him demanding plaintiff to pay a nonexistent debt.

42. Plaintiff has never applied for a loan, Insurance or a line of credit from defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management.

43. Plaintiff answered, at least two additional calls from Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management where his caller id showed a number "unknown," and where defendants identified theirself at the commencement of the call which is another violation of the TCPA for which there is no private right of action.

44. Only after answering the caller ID blocked calls did Plaintiff realize it was Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management.

45. Encore doesn't operate independent of MCM and Midland it doesn't have separate management separate business and income. Instead, it serves as the name of the Encore family of subsidiaries all of whom are interrelated and inseparably operated as a single business operation that is engaged in the business of purchasing debt information and attempting to collect after paying pennies on the dollar for said information. Each of these entities however commit violations against consumers individually as if they were in fact separate entities.

44. When purchasing portfolios of debt information, the Defendants MCM, Midland & Encore make an intentional business decision not to obtain competent evidence as to whether written contracts exist between the original creditors of the debts and the consumers or if there was other documentationshowing when or how the debts were incurred. There is little to no documentation beyondvery rudimentary information which would allow them to calculate the amount of debt owedby a consumers ie, *name, last known address telephone number, social security number,amount alleged to be due, name of original creditor, original account number and currentowner ofthe debt.*

45. It would appear that defendants, Encore wasted no time in violating their recent *commitment to the Federal Trade Commission to correct their dishonest*, illegal and egregious businesspractices in regard to the Consumer Protection statutes Congress saw fit to put in place.

46. Defendants MCM, Midland & Encore are "inextricably intertwined" and/or connected in the actions alleged in thisaction.

47. Defendants MCM, Midland & Encore are each the alter ego of the other.

48. As to Defendants MCM, Midland & Encore the corporate fiction should be disregarded as it is being used as a means of perpetrating fraud and/or abuse of the corporate structure while routinely violating federal consumer protection statutes in an attempt to obtain unjust enrichment while accepting the risks of such violations as a mere cost of doing business.

49. Defendants Encore, MCM & Midland, Associated Credit & Collector, ProCollect and Receivable Performs Management actively participated in the acts or omissions which are the subject of this suit and sought to benefit from the actions alleged in this complaint.

50. Defendants Encore, MCM & Midland, Associated Credit & Collector, ProCollect and or Receivable Performs Management added bogus fee & inters to plaintiffs accounts and re aged plaintiffs accounts by fraudulently stating that plaintiff opened an account with the above defendants on a date years after the account was opened with the original creditor which is contrary to the FDCPA, FCRA, MDCRA, MGL 93a.

51. Plaintiff has not yet sent defendants Encore, MCM & Midland, Associated Credit & Collector, ProCollect and or Receivable Performs Management a Massachusetts 93a (mgl 93a) demand letter as of October 12, 2014 but will mail them on **October 14, 2014 by certified mail #s 7014 0510 0002 0352 5861, 7014 0510 0002 0352 5878, 7014 0510 0002 0352 5885, and 7014 0510 0002 0352 5892.**

52. Plaintiff will seek leave to Amend and add violations of the MGL 93a once the 30 day period is given to Encore, MCM & Midland, Associated Credit & Collector, ProCollect and or Receivable Performs Management to respond to plaintiff's mgl 93a demand letters.

53. Plaintiff has sent defendants MCM & Midland, Associated Credit & Collector, ProCollect and or Receivable Performs Management a Notice of Pending Lawsuitand debt validation letter to mitigate damagesnone have validated the debt.

54. Defendants MCM & Midland has promised to remove the debts from plaintiff's consumer credit report and has done so as of October 12, 2014.

55. At no time did Plaintiff provide prior express permission for any above defendant to call his cell, home and or wireless number using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer or to leave artificial or computerized messages.

56. DefendantsMidland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management does not have, and has never had an established business relationship with Plaintiff.

57. Plaintiff seeks damages for any and all calls that DefendantsMidland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management made to Plaintiff's telephone numberin violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant made which Plaintiff is unaware of, for Defendant's Encore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiff's requests to stop calling, failure to train and monitor its employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual debt collectors name, his or her employer caller and business entity on whose behalf the calls were being made, or the causing Defendant's Encore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management telephone number to be blocked from the subscriber's caller ID.

58. Defendant Encore, at least" indirectly" engaged in the attempted collection of an alleged consumer debt.

59. Defendant Encore is a debt buyer that owns Midland Funding LLC and Midland Credit Management.

60. Defendants Associated Credit & Collector, Receivable Performs Management and Pro collect are not registered to collect debts in Massachusetts which is contrary to the FDCPA, MDCRA.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS ENCORE, MIDLAND, MCM, ASSOCIATED CREDIT & COLLECTOR, PROCOLLECT, RECEIVABLE PERFORMS MANAGEMENT.

61. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

62. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

63. Trans union, Equifax and Experian are credit reporting agencies within the meaning of the FCRA,1 5 U .S.C. 1681a(f)

64. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

65. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

66. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.
67. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management.
68. At no time did Plaintiff give his consent for Defendants Encore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management, to acquire his consumer credit report from any credit reporting agency.
69. FCRA in 15 U.S.C. §1681a(r) (4) states: The terms **"account" and "electronic fund transfer"** have the same meanings as insection 1693a of this title.

(2) **the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as <u>defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;**
<u>**The definition of "account" clearly does not include an account such as a credit card open end credit account**</u> **but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.**

70. DefendantsMidland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management obtained the consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no possible alleged account Defendants could claim to have with his and is positive he had no account with defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management which would come under the definition of account in the FCRA in regard to permissible purpose.

71. The action of Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was aviolation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management for statutory damages of $1000.00, Injunctive Relief punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## Count II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT47 U.S.C. §227(b)(3)(B)BY DEFENDANTS MIDLAND, MCM, ASSOCIATED CREDIT & COLLECTOR, PROCOLLECT, RECEIVABLE PERFORMS MANAGEMENT.

69. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

70. On information and belief, Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Managementused an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiffs numbers assigned to a cellular, Home and or wireless telephone in the last four years.

71. On information and belief, Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Managementdid not have Plaintiff's prior express permission prior to contact Plaintiff at his cell, home and or wireless number using an automatic telephone dialing system.

72. Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management made the calls to Plaintiff knowingly &willfully.

73. Defendant's Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Managementacts in making the calls to Plaintiff were not accidental.

74. Plaintiff's privacy has been invaded as a result of Defendant's Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Managementacts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management for statutory damages of $500.00, per call, Injunctive Relief, Punitive damages to be determined by this honorable court, attorney's fees, and costs to bring this complaint.

## COUNT III

## VIOLATIONS OF THE MASSACHUSETT DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00

## BY DEFENDANTS ENCORE, MIDLAND, MCM, ASSOCIATED CREDIT & COLLECTOR, PROCOLLECT, RECEIVABLE PERFORMS MANAGEMENT.

75. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

76. Defendants Encore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management called plaintiffs cell, home and or wireless number more than twice a week which is a violation of the MDCRA.

77. Defendants Encore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management tried to collect on a nonexistent debt in Massachusetts and were not registered to collect debt in Massachusetts.

78. DefendantsEncore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Managementnever sent plaintiff anything in writing after calling him to collect a debt which is a violation of MDCRA 940 CMR 7.00.

79. DefendantsEncore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management called more than once a week a violation of the MDCRA 940 CMR Plaintiff demands injunctive relief.

80. DefendantsEncore, Midland, MCM, Associated Credit & Collector, ProCollect and or Receivable Performs Management pulled plaintiffs credit report without a permissible purpose.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages, injunctive relief,statutory and or treble damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

## COUNT IV

## VIOLATION OF FAIR DEBT COLLECTION PRACTICESACT

## (FDCPA), 15U.S.C. §1692

## BY DEFENDANTS ENCORE, MIDLAND, MCM, ASSOCIATED CREDIT & COLLECTOR, PROCOLLECT, RECEIVABLE PERFORMS MANAGEMENT.

81. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

82. Plaintiff is a consumer within the meaning of §1692a (3).

83. Defendants Encore, Midland, MCM, Encore Capital, Associated Credit & Collector, ProCollect and or Receivable Performs Management are debt collectors within the meaning of §1692a(6).

84. Defendants Encore, Midland, MCM, Encore Capital, Associated Credit & Collector, ProCollect and or Receivable Performs Management placed no less than 50 telephone calls to the Plaintiffs cell, wireless and or Home number after plaintiff informed them to Cease & Desist and only contact plaintiff though USPS.

85. Defendants knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C.§ 1692c (a) (l). Defendant demands$1000.

86. Defendants Encore, Midland, MCM, Encore Capital, Associated Credit & Collector, ProCollect and or Receivable Performs Management violate the FDCPA. Defendant's violations include, but are not limited to, the following:

§1692e (10)by the use of any false representation or Deceptive means to collector attempt to collect any debtor to obtain information concerning a consumer. Plaintiff demands judgment

in the amount of $1000. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

§1692e (2) by falsely representing the character, amount, or legal status of any debt.

§1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

§1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failuretocommunicatethatadisputeddebtisdisputed.

§1692e (10) by the use of any false representation or deceptive means to collector attempt to collect any debtor to obtain information concerning a consumer.

§1692e (11) by failing to warn that it was a debt collector.

§1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debtor permitted by law.

§1692g by failure to send a validation notice within five days of the initial communication.

§1692g (b) by not ceasing collection efforts until the debt was validated

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Encore, Midland, MCM, Encore Capital, Associated Credit & Collector, ProCollect and or Receivable Performs Management $1000.00 and or actual and or statutory damages, injunctive relief, attorney's fees and costs.

## COUNT IV

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 n & 1681q WILLFUL NON-COMPLIANCEBY DEFENDANTS ENCORE, MIDLAND, MCM, ASSOCIATED CREDIT & COLLECTOR, PROCOLLECT, RECEIVABLE PERFORMS MANAGEMENT.

86. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

87. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c)

88. Defendants, Encore, Midland, MCM, Encore Capital,Associated Credit & Collector, ProCollect and or Receivable Performs Management are furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

89. Defendants, Encore, Midland, MCM, Encore Capital,Associated Credit & Collector, ProCollect and or Receivable Performs Managementviolated the FCRA **1681q**by pulling plaintiffs credit report on several occasion without his permission.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, Encore, Midland, MCM, Encore Capital,Associated Credit & Collector, ProCollect and or Receivable Performs Management for $5000 per credit pull, actual orstatutory damages, injunctive relief, punitive damages, attorney's fees and costs to bring this complaint.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: October 14, 2014

Respectfully Submitted,
Randal Clark

453 South Broadway Street

Apartment # 2
Lawrence, Ma 01843

Tel: 508-371-5287

rjcconsolidate@gmail.com

Randal Clark
/s/ RANDAL CLARK
William T. Bogaert, Esq.,
William.Bogaert@wilsonelser.com
Kara Thorvaldsen, Esq.,
Kara.Thorvaldsen@wilsonelser.com
Wilson Elser LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5340