UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RANDALL CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 14-cv-12238-IT |
| MIDLAND CREDIT MANAGEMENT | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

December 31, 2014

TALWANI, D.J.

For the reasons set forth below, the court hereby ALLOWS Plaintiff Randall Clark's ("Clark") Motion to Add Exhibit to Plaintiff First Amended Complaint [sic] [#20] and DENIES his Requests for Notice of Default [#25, 26] and Motion for Default Judgment as to Defendant Pro Collect [#27].

On October 14, 2014, Plaintiff Randall Clark ("Clark") filed an Amended Complaint [#18]. Six days later, Clark filed a motion seeking to add as an exhibit to his complaint a copy of a permit allegedly showing that Defendant Midland Credit Management registered an automatic dialing system with the state of Texas. Because this motion is unopposed, and because the court discerns no potential prejudice to Defendants from the addition, Clark's Motion to Add Exhibit to Plaintiff First Amended Complaint [sic] [#20] is hereby ALLOWED.

Defendant Pro Collect, Inc.'s ("Pro Collect") response to Clark's Amended Complaint was due on October 28, 2014. See Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or

within 14 days after service of the amended pleading, whichever is later."). Pro Collect did not file its Answer [#28] until November 18, 2014, which was untimely. Nonetheless, because Pro Collect has now responded to the Amended Complaint, and in the interest of resolving this case on its merits, Clark's Requests for Notice of Default [#25, 26] and his Motion for Entry of Default Judgment as to Defendant Pro Collect [#27] are hereby DENIED.

    IT IS SO ORDERED.

December 31, 2014

/s/ Indira Talwani
United States District Judge